CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MARIELA RODRIGUEZ, JESUS ROBERTO
RAMIREZ SOTO, and LILIANA LIMON
MUNOZ, *individually and on behalf of others*
*similarly situated,*

                                    *Plaintiffs*,

                -against-

PRODUCE EXPERIENCE INC. (D/B/A
PRODUCE EXPERIENCE), US FRESH
CORP.  (D/B/A US FRESH), GONZALO
JARAMILLO, DAVID JARAMILLO,
JUANITA BERMUDEZ, and JORGE
CUBERO,

                                  *Defendants.*
---------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Mariela  Rodriguez, Jesus  Roberto  Ramirez  Soto, and Liliana  Limon  Munoz,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against Produce

Experience Inc. (d/b/a Produce Experience), US Fresh Corp. (d/b/a US Fresh), ("Defendant

Corporations"), Gonzalo Jaramillo, David Jaramillo, Juanita Bermudez, and Jorge Cubero

("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Produce Experience Inc. (d/b/a Produce Experience), US Fresh Corp. (d/b/a US Fresh), Gonzalo Jaramillo, David Jaramillo, Juanita Bermudez, and Jorge Cubero.

2.       Defendants own, operate, or control a produce store, located at 601 Drake St, Bronx, NY 10474 under the name "Produce Experience" (formerly known as "US Fresh").

3.      Upon information and belief, individual Defendants Gonzalo Jaramillo, David Jaramillo, Juanita Bermudez, and Jorge Cubero serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the produce store as a joint or unified enterprise.

4.      Plaintiffs were employed as a cleaner, packers, a runner, a porter, supervisor and/or produce line workers at the produce store located at 601 Drake St, Bronx, NY 10474.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs Ramirez and Plaintiff Limon the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.       Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a produce store located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14.  Plaintiff Mariela Rodriguez ("Plaintiff Rodriguez" or "Ms. Rodriguez") is an adult individual residing in New York County, New York.

15.  Plaintiff Rodriguez was employed by Defendants at Produce Experience from approximately December 10, 2022 until on or about September 26, 2023.

16.  Plaintiff Jesus Roberto Ramirez Soto ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in Bronx County, New York.

17.  Plaintiff Ramirez was employed by Defendants at US Fresh from approximately 2018 until on or about August 2022 and at Produce Experience from approximately August 2022 until on or about September 25, 2023.

18.  Plaintiff Liliana Limon Munoz ("Plaintiff Limon" or "Ms. Limon") is an adult individual residing in New York County, New York.

19.  Plaintiff Limon was employed by Defendants at US Fresh from approximately 2011 until on or about August 2022 and at Produce Experience from approximately August 2022 until on or about September 25, 2023.

*Defendants*

20.  At all relevant times, Defendants owned, operate(d), or control(led) a produce store, located at 601 Drake St, Bronx, NY 10474 under the names "US Fresh" and "Produce Experience."

21.  Upon information and belief, Produce Experience Inc. (d/b/a Produce Experience) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 601 Drake St, Bronx, NY 10474.

22.    Upon information and belief, US Fresh Corp. (d/b/a US Fresh) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 601 Drake St, Bronx, NY 10474.

23.    Upon information and belief, Defendant Gonzalo Jaramillo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gonzalo Jaramillo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Upon information and belief, Defendant Gonzalo Jaramillo possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. Upon information and belief, he determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.    Upon information and belief, Defendant David Jaramillo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Jaramillo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Upon information and belief, Defendant David Jaramillo possessed operational control over Defendant Corporations and controlled significant functions of Defendant Corporations. Upon information and belief, he determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.    Upon information and belief, Defendant Juanita Bermudez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juanita Bermudez is sued individually in her capacity as owner, officer and/or agent of Defendant

Corporations. Upon information and belief, Defendant Juanita Bermudez possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. Upon information and belief, she determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.    Upon information and belief, Defendant Jorge Cubero is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jorge Cubero is sued individually in his capacity as manager of Defendant Corporations. Upon information and belief, Defendant Jorge Cubero possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. Upon information and belief, he determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.    Defendants operate a produce store located in in the Bronx.

28.    Upon information and belief, individual Defendants, Gonzalo Jaramillo, David Jaramillo, Juanita Bermudez, and Jorge Cubero possess(ed) operational control over Defendant Corporations, possess(ed) ownership interests in Defendant Corporations, or control(led) significant functions of Defendant Corporations.

29.     Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Upon information and belief, each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.     Upon information and belief, Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Gonzalo Jaramillo, David Jaramillo, and Juanita Bermudez, operate(d) Defendant Corporations as either alter egos of themselves and/or fail(ed) to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

35. In each year from 2019 through 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the produce stores on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

37. Plaintiffs are former employees of Defendants who were employed as a cleaner, packers, a runner, a porter, a supervisor, and/or a produce line worker.

38. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mariela Rodriguez (a.k.a Madeline)*

39.    Plaintiff Rodriguez was employed by Defendants from approximately December 10, 2022 until on or about September 26, 2023.

40.    Defendants employed Plaintiff Rodriguez as a cleaner and packer.

41.    Plaintiff Rodriguez regularly handled goods in interstate commerce, such as a produce and other supplies produced outside the State of New York.

42.    Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

43.    Throughout her employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

44.    From approximately December 10, 2022 until on or about June 2023, Plaintiff Rodriguez worked from approximately 6:00 a.m. until on or about 4:00 p.m. or 4:30 p.m., 5 or 6 days a week (typically 50 to 63 hours per week).

45.    From approximately June 2023 until on or about September 26, 2023, Plaintiff Rodriguez worked from approximately 5:00 a.m. until on or about 2:00 p.m., 5 days a week (typically 45 hours per week).

46.    Throughout her employment, Defendants paid Plaintiff Rodriguez her wages in cash.

47.    From approximately December 10, 2022 until on or about September 26, 2023, Defendants paid Plaintiff Rodriguez $15.00 per hour.

48.    Prior to approximately February 2023, Plaintiff Rodriguez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Rodriguez an accurate statement of wages, as required by NYLL 195(3).

51. Defendants did not give any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez 's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52. As a result of Defendants' failure to provide Plaintiff Rodriguez with a Notice of Pay Rate or accurate wage statements with each payment of wages, she was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

*Plaintiff Jesus Roberto Ramirez Soto*

53. Plaintiff Ramirez was employed by Defendants from approximately 2018 until on or about September 25, 2023.

54. Defendants employed Plaintiff Ramirez as a runner, porter, and a merchandise packer.

55. Plaintiff Ramirez regularly handled goods in interstate commerce, such as a produce store and other supplies produced outside the State of New York.

56. Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

57. Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

58.    From approximately November 2018 until on or about August 2022, Plaintiff Ramirez worked from approximately 6:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., 5 days a week (typically 50 to 55 hours per week).

59.    From approximately August 2022 until on or about September 25, 2023, Plaintiff Ramirez worked 5:00 a.m. to 2:00 p.m. to 3:30 p.m. 6 days a week (typically 54 to 63 hours per week).

60.    From approximately 2018 until on or about August 2022, Defendants paid Plaintiff Ramirez his wages by check.

61.    From approximately August 2022 until on or about September 25, 2023, Defendants paid Plaintiff Ramirez his wages in cash.

62.    From approximately 2018 until on or about September 25, 2023, Defendants paid Plaintiff Ramirez $15 per hour.

63.    For approximately 2 days, Defendants did not pay Plaintiff Ramirez any wages for his work.

64.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

65.    Defendants did not provide Plaintiff Ramirez an accurate statement of wages, as required by NYLL 195(3).

66.    Defendants did not give any notice to Plaintiff Ramirez, in English and in Spanish (Plaintiff Ramirez 's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.    As a result of Defendants' failure to provide Plaintiff Ramirez with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing

his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Liliana Limon Munoz*

68.    Plaintiff Limon was employed by Defendants from approximately 2011 until on or about September 25, 2023.

69.    Defendants employed Plaintiff Limon as a supervisor and produce line worker.

70.    Plaintiff Limon regularly handled goods in interstate commerce, such as a produce store and other supplies produced outside the State of New York.

71.    Plaintiff Limon's work duties required neither discretion nor independent judgment.

72.    Throughout her employment with Defendants, Plaintiff Limon regularly worked in excess of 40 hours per week.

73.    From approximately February 2019 until on or about December 2021, Plaintiff Limon worked from approximately 6:00 a.m. until on or about 3:30 p.m., 5 days a week (typically 47.5 hours per week).

74.    From approximately January 2022 until on or about July 2022, Plaintiff Limon worked from approximately 6:00 a.m. until on or about 3:30 p.m., 4 days a week (typically 38 hours per week).

75.    From approximately August 2022 until on or about January 2023, Plaintiff Limon worked from approximately 6:00 a.m. until on or about 3:00 p.m. to 4:30 p.m., 5 days a week, 2 weeks per month (typically 45 to 52.5 hours per week). In addition, during this time period Plaintiff Limon worked the same schedule, 6 days a week, 2 weeks per month (typically 54 to 63 hours per week).

76.    From approximately February 2023 until on or about September 2023, Plaintiff Limon worked from approximately 5:00 a.m. until on or about 3:00 p.m., 5 days a week (typically 47.5 hours per week).

77.    From approximately January 2019 until on or about July 2022, Defendants paid Plaintiff Limon her wages by check.

78.    From approximately August 2022 until on or about September 2023, Defendants paid Plaintiff Limon her wages in cash.

79.    From approximately February 2019 until on or about December 2021, Defendants paid Plaintiff Limon a fixed bi-weekly salary of $1600.

80.    From approximately January 2022 until on or about July 2022, Defendants paid Plaintiff Limon a fixed daily salary of $160.00, paid bi-weekly.

81.    From approximately August 2022 until on or about September 2023, Defendants paid Plaintiff Limon $18.13 per hour.

82.    For approximately one week, Defendants did not pay Plaintiff Limon any wages for her work.

83.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Limon regarding overtime and wages under the FLSA and NYLL.

84.    Defendants did not provide Plaintiff Limon an accurate statement of wages, as required by NYLL 195(3).

85.    Defendants did not give any notice to Plaintiff Limon of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

86.    As a result of Defendants' failure to provide Plaintiff Limon with a Notice of Pay Rate or accurate wage statements with each payment of wages, she was prevented from: (i)

comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

*Defendants' General Employment Practices*

87.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

88.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

89.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

90.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

91.    Defendants paid Plaintiffs their wages in check and cash.

92.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

93.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

94.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

95.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

96.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

97.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

98.     As a result of Defendants' failure to provide Plaintiffs with a Notice of Pay Rate or accurate wage statements with each payment of wages, they were prevented from: (i) comparing

their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

99.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

100.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

101.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

102.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

104.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

107.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

115.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

116.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

117.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

121.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

124.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

126.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

128.    As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL §195.

129.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

132.    As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

133.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

- 23 -

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 17, 2025

CSM LEGAL, P.C

By:    _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

September 27, 2023

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jesus Roberto Ramirez Soto

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     September 27, 2023

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                                    Telephone: (212) 317-1200
New York, New York 10165                                                                    Facsimile: (212) 317-1620

catalina@csmlegal.com


October 4, 2023

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**


Name / Nombre:                     Liliana Limon Munoz


Legal Representative / Abogado:       CSM Legal, P.C.


Signature / Firma:


Date / Fecha:                        4 de octubre 2023


*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
## Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

September 27, 2023

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Mariela Rodriguez

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:                *mariela rodrigues*

Date / Fecha:                     27 de septiembre 2023

*Certified as a minority-owned business in the State of New York*