**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIELA RODRIGUEZ, JESUS ROBERTO RAMIREZ SOTO, and LILIANA LIMON MUNOZ, *individually and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>PRODUCE EXPERIENCE INC. (D/B/A PRODUCE EXPERIENCE), US FRESH CORP. (D/B/A US FRESH), GONZALO JARAMILLO, DAVID JARAMILLO, JUANITA BERMUDEZ, and JORGE CUBERO,<br><br>Defendants. | Civil Action No. 1:25-cv-01363-JMF<br><br>**ANSWER and AFFIRMATIVE DEFENSES OF PRODUCE EXPERIENCE, INC., DAVID JARAMILLO, and JUANITA BERMUDEZ** |

PRODUCE EXPERIENCE, INC. ("Produce Experience"), DAVID JARAMILLO ("D. Jaramillo"), AND JUANITA BERMUDEZ ("Bermudez"), (collectively, "Produce Experience Defendants"), by their undersigned counsel, as and for their answer and affirmative defenses (the "Answer") in response to the Collective Action Complaint (the "Complaint") of MARIELA RODRIGUEZ ("Rodriguez"), JESUS ROBERTO RAMIREZ SOTO ("Ramirez"), and LILIANA LIMON MUNOZ ("Limon") (collectively, "Plaintiffs"), hereby allege as follows:

**NATURE OF ACTION**

1.    Deny each and every allegation of paragraph 1 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs were employees of US Fresh Corp. ("US Fresh"), and admit that the Plaintiffs are former employees of the Produce Experience Defendants.

2.    Deny each and every allegation of paragraph 2 of the Complaint, except admit that the Produce Experience is located at 601 Drake Street, Bronx, New York 10474.

1

3.    Deny each and every allegation of paragraph 3 of the Complaint, deny knowledge or information sufficient to form a belief regarding Gonzalo Jaramillo, admit that D. Jaramillo and Bermudez serve or served as owners, managers, principals, or agents of Produce Experience from July 2022 through the present and that Jorge Cubero ("Cubero") served as an agent of Produce Experience from early May 2023 through December 7, 2023. The Produce Experience Defendants further admit that D. Jaramillo was President of US Fresh, including during a period of time relevant to the Complaint, from February 17, 2019 through October 2019, when he left the US Fresh.

4.    Deny each and every allegation of paragraph 4 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint prior to July 2022, except admit that Plaintiffs were employed as a cleaner, packers, a runner, a porter, supervisor and/or produce line workers at 601 Drake Street, Bronx, New York 10474 starting July 2022.

5.    Deny each and every allegation of paragraph 5 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint prior to July 2022.

6.    Deny each and every allegation of paragraph 6 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint prior to July 2022.

7.    Deny each and every allegation of paragraph 7 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint prior to July 2022.

8.    Deny each and every allegation of paragraph 8 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint prior to July 2022.

9.      Deny each and every allegation of paragraph 9 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint prior to July 2022.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

**JURISDICTION AND VENUE**

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

**PARTIES**

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     Deny each and every allegation of paragraph 15 of the Complaint, except admit that Produce Experience employed Rodriguez from approximately December 10, 2022 until on or about September 26, 2023.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

3

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint prior to July 2022, but admit the remaining allegations of paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint prior to July 2022, but admit the remaining allegations of paragraph 19 of the Complaint.

20. Deny each and every allegation of paragraph 20 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint prior to July 2022, admit that the Produce Experience is located at 601 Drake Street, Bronx, New York 10474.

21. Admit the allegations of paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

24. Deny each and every allegation of paragraph 24 of the Complaint, except admit that starting July 2022 through the present, for Produce Experience only, D. Jaramillo was an owner, officer, and/or agent of Produce Experience and possessed operational control of Produce Experience only, including determining wages and compensation, establishing the schedules of employees, maintaining employee records, and having the authority to hire and fire employees.  D. Jaramillo

further admits that, during the time period relevant to this Complaint, he was an officer of US Fresh from February 17, 2019 through October 2019, and he had authority to hire and fire employees.

25.  Deny each and every allegation of paragraph 25 of the Complaint, except admit that starting July 2022 through the present, for Produce Experience only, Bermudez was an owner, officer, and/or agent of Produce Experience and possessed operational control of Produce Experience only, including determining wages and compensation, establishing the schedules of employees, maintaining employee records, and having the authority to hire and fire employees.

26.  Deny each and every allegation of paragraph 26 of the Complaint, except admit that from early May 2023 through December 7, 2023 and for Produce Experience only, Cubero determined wages and compensation, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

27.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint prior to July 2022, and deny the remaining allegations of paragraph 27 of the Complaint as to Produce Experience only.

28.  Deny each and every allegation of paragraph 28 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and, as to Produce Experience only, starting July 2022 through the present, admit that D. Jaramillo and Bermudez have had operational control, possessed ownership interests, or controlled significant functions of Produce Experience. D. Jaramillo further admits that, during the time period relevant to this Complaint, he was an officer of US Fresh from February 17, 2019 through October 2019, and he controlled significant functions of US Fresh.

29.  Deny each and every allegation of paragraph 29 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

30. Deny each and every allegation of paragraph 30 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and, as to Produce Experience only, starting July 2022 through the present, admit that D. Jaramillo and Bermudez possessed control over Plaintiffs' working conditions and policies and practices with respect to the employment and compensation of Plaintiffs and Cubero did, too, from early May 2023 through December 7, 2023. D. Jaramillo further admits that, during the time period relevant to this Complaint, he was an officer of US Fresh from February 17, 2019 through October 2019, and he had authority to hire and fire employees.

31. Deny each and every allegation of paragraph 31 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

32. Deny each and every allegation of paragraph 32 because it calls for legal conclusions, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

33. Deny each and every allegation of paragraph 33, including subparagraphs (a) – (g) of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

34. Deny each and every allegation of paragraph 34 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022 through the present admit that D. Jaramillo and Bermudez had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services and Cubero did, too, from early May 2023 through December 7, 2023. D. Jaramillo further admits that, during the time period relevant to this Complaint, he was an officer of US Fresh from February 17, 2019 through October 2019, and he had authority to hire and fire employees.

35. Deny each and every allegation of paragraph 35 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit Produce Experience had a gross annual volume of sales of not less than $500,000.

36. Deny each and every allegation of paragraph 36 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit numerous items that were used at Produce Experience on a daily basis were goods produced outside of the State of New York.

37. Deny each and every allegation of paragraph 37 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, since July 2022, admit Plaintiffs are former employees who were employed as a cleaner, packers, a runner, a porter, a supervisor, and/or a produce line worker.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit Produce Experience employed Plaintiff Rodriguez from approximately December 10, 2022 until on or about September 26, 2023.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit Produce Experience employed Plaintiff Rodriguez as a cleaner and packer.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

42.    Deny each and every allegation of paragraph 42 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

43.    Deny each and every allegation of paragraph 43 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

44.    Deny each and every allegation of paragraph 44 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

45.    Deny each and every allegation of paragraph 45 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 for Gonzalo Jaramillo and US Fresh and, as to Produce Experience only, starting July 2022, admit that Plaintiff Rodriguez was paid in cash

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 for Gonzalo Jaramillo and US Fresh and, as to Produce Experience only, starting July 2022, admit Plaintiff Rodriguez was paid $15.00 per hour.

48.     Deny each and every allegation of paragraph 48 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 for Gonzalo Jaramillo and US Fresh.

49.     Deny each and every allegation of paragraph 49 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 for Gonzalo Jaramillo and US Fresh.

50.     Deny each and every allegation of paragraph 50 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 for Gonzalo Jaramillo and US Fresh.

51.     Deny each and every allegation of paragraph 51 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 for Gonzalo Jaramillo and US Fresh.

52.     Deny each and every allegation of paragraph 52 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 for Gonzalo Jaramillo and US Fresh.

53.     Deny each and every allegation of paragraph 53 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit Produce Experience employed Plaintiff Ramirez from approximately August 10, 2022, until on or about September 25, 2023.

54.     Deny each and every allegation of paragraph 54 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit Produce Experience employed Plaintiff Rodriguez as a runner, porter, and a merchandise packer.

9

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

56.     Deny each and every allegation of paragraph 56 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

57.     Deny each and every allegation of paragraph 57 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

58.     Deny each and every allegation of paragraph 58 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

59.     Deny each and every allegation of paragraph 59 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 for Gonzalo Jaramillo and US Fresh and, as to Produce Experience only, starting July 2022, admit that Plaintiff Ramirez was paid by his wages in cash.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 for Gonzalo Jaramillo and US Fresh and, as to Produce Experience only, starting July 2022, admit Plaintiff Ramirez was paid $15.00 per hour.

63.     Deny each and every allegation of paragraph 63 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63, for Gonzalo Jaramillo and US Fresh.

64.     Deny each and every allegation of paragraph 64 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 for Gonzalo Jaramillo and US Fresh .

65.     Deny each and every allegation of paragraph 65 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 for Gonzalo Jaramillo and US Fresh.

66.     Deny each and every allegation of paragraph 66 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 for Gonzalo Jaramillo and US Fresh.

67.     Deny each and every allegation of paragraph 67 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 for Gonzalo Jaramillo and US Fresh.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, starting July 2022, admit Produce Experience employed Plaintiff Limon from approximately July 2022 until on or about September 25, 2023.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint for Gonzalo Jaramillo and US Fresh, and, as to Produce Experience only, admit that, from approximately July 22, 2022 through September 25, 2023, Produce Experience employed Plaintiff Limon as a supervisor and produce line worker.

11

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

71.     Deny each and every allegation of paragraph 71of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

72.     Deny each and every allegation of paragraph 72 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint.

75.     Deny each and every allegation of paragraph 75 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

76.     Deny each and every allegation of paragraph 76 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations for Gonzalo Jaramillo and US Fresh.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 for Gonzalo Jaramillo and US Fresh and, as to Produce Experience only,

starting July 2022, admit that Plaintiff Limon was paid by her wages in cash from approximately August 2022 through September 2023.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 for Gonzalo Jaramillo and US Fresh and, as to Produce Experience only, since July 2022, admit Plaintiff Limon was paid $18.13 per hour from approximately August 2022 through September 2023.

82.    Deny each and every allegation of paragraph 82 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 for Gonzalo Jaramillo and US Fresh.

83.    Deny each and every allegation of paragraph 83 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 for Gonzalo Jaramillo and US Fresh.

84.    Deny each and every allegation of paragraph 84 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 for Gonzalo Jaramillo and US Fresh.

85.    Deny each and every allegation of paragraph 85 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 for Gonzalo Jaramillo and US Fresh.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

87.    Deny each and every allegation of paragraph 87 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 prior to July 2022.

88.    Deny each and every allegation of paragraph 88 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 prior to July 2022.

89.    Deny each and every allegation of paragraph 89 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 prior to July 2022.

90.    Deny each and every allegation of paragraph 90 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 prior to July 2022.

91.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 prior to July 2022 and, as to Produce Experience only, starting July 2022, admit Plaintiffs received their wages in cash.

92.    Deny each and every allegation of paragraph 92 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 prior to July 2022.

93.    Deny each and every allegation of paragraph 93 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 prior to July 2022.

94.     Deny each and every allegation of paragraph 94 of the Complaint. except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 prior to July 2022.

95.     Deny each and every allegation of paragraph 95 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 prior to July 2022.

96.     Deny each and every allegation of paragraph 96 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 prior to July 2022.

97.     Deny each and every allegation of paragraph 97 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 prior to July 2022.

98.     Deny each and every allegation of paragraph 98 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 prior to July 2022.

## FLSA COLLECTIVE ACTION ALLEGATIONS

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Complaint and further state this paragraph contains conclusions of law as to which no response is required.

100.    Deny each and every allegation of paragraph 100 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

101.    Deny each and every allegation of paragraph 101 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

102.    Repeat and reallege each and every allegation contained in all preceding paragraphs as if fully alleged herein.

103.    Deny each and every allegation of paragraph 103 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

104.    Deny each and every allegation of paragraph 104 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

105.    Deny each and every allegation of paragraph 105 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

106.    Deny each and every allegation of paragraph 106 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

107.    Deny each and every allegation of paragraph 107 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

108.    Deny each and every allegation of paragraph 108 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 prior to July 2022.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

109.    Repeat and reallege each and every allegation contained in all preceding paragraphs as if fully alleged herein.

110.    Deny each and every allegation of paragraph 110 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

111.    Deny each and every allegation of paragraph 111 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

112.    Deny each and every allegation of paragraph 112 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 prior to July 2022.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

113.    Repeat and reallege each and every allegation contained in all preceding paragraphs as if fully alleged herein.

114.    Deny each and every allegation of paragraph 114 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

115.    Deny each and every allegation of paragraph 115 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

116.    Deny each and every allegation of paragraph 116 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

117.    Deny each and every allegation of paragraph 117 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 prior to July 2022.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

118.    Repeat and reallege each and every allegation contained in all preceding paragraphs as if fully alleged herein.

18

119. Deny each and every allegation of paragraph 119 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

120. Deny each and every allegation of paragraph 120 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

121. Deny each and every allegation of paragraph 121 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 prior to July 2022.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

122. Repeat and reallege each and every allegation contained in all preceding paragraphs as if fully alleged herein.

123. Deny each and every allegation of paragraph 123 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

124. Deny each and every allegation of paragraph 124 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

125.    Deny each and every allegation of paragraph 125 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 prior to July 2022.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

126.    Repeat and reallege each and every allegation contained in all preceding paragraphs as if fully alleged herein.

127.    Deny each and every allegation of paragraph 127 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

128.    Deny each and every allegation of paragraph 128 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

129.    Deny each and every allegation of paragraph 129 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 prior to July 2022.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

130.    Repeat and reallege each and every allegation contained in all preceding paragraphs as if fully alleged herein.

20

131. Deny each and every allegation of paragraph 131 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

132. Deny each and every allegation of paragraph 132 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 prior to July 2022 and further state this paragraph contains conclusions of law as to which no response is required.

133. Deny each and every allegation of paragraph 133 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 prior to July 2022.

134. To the extent there is not a specific reference to an allegation of the Complaint, any such allegation is denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

135. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

136. This Court lacks jurisdiction over the allegations of the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

137. That Plaintiffs' claims are barred under the equitable doctrines of estoppel, waiver, ratification, laches and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

138. Plaintiffs failed to mitigate or attempt to mitigate alleged damages and any recovery by Plaintiffs should be reduced or denied accordingly.

21

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

139.    The Produce Experience Defendants did not act in bad faith or unfairly.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

140.    Plaintiffs are not entitled to any relief under the FLSA, the New York Minimum Wage Act, the New York Labor Law, and/or applicable Wage Orders because they were fully and justly compensated for all time suffered or permitted to work.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

141.    Plaintiffs' claims under the FLSA, the New York Minimum Wage Act, the New York Labor Law, and/or applicable Wage Orders, are barred to the extent the activities for which Plaintiffs seek additional compensation are noncompensable preliminary or postliminary activities.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

142.    The Produce Experience Defendants have acted in a good faith belief that they were and are complying with all applicable provisions of the FLSA, the New York Minimum Wage Act, the New York Labor Law, and/or applicable Wage Orders.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

143.    The Produce Experience Defendants had and have no intention to violate any provision of the FLSA, the New York Minimum Wage Act, the New York Labor Law, and/or applicable Wage Orders.  Therefore, Defendants did not willfully violate the FLSA, the New York Minimum Wage Act, the New York Labor Law, and/or applicable Wage Orders.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

144.    Certain of Plaintiffs' claims are barred by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

145.    To the extent Plaintiffs may have not been compensated for unpaid overtime, minimum wages, and/or spread of hours pay, if any, the number of hours and/or shifts is far less, and the sum

owing far less, than as alleged in the Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

146.    The Plaintiffs are not similarly situated to one another or other employees who could comprise a FLSA collective class.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

147.    The Produce Experience Defendants have no information about allegations of the Complaint prior to July 2022 and have no remaining connection with US Fresh.

148.    D. Jaramillo was the President of US Fresh from 2009 through October 2019.

149.    His father, Gonzalo Jaramillo, owned US Fresh, and D. Jaramillo ran the business.

150.    During his tenure, US Fresh was a wholesaler of herbs to wholesale food services which sold the herbs to restaurants.

151.    During the time that D. Jaramillo was President of US Fresh, he principally focused on the buying and selling of herbs. He worked hard and built up the business.

152.    Although D. Jaramillo had the power to hire and fire employees, of whom there were approximately ninety (90) employees, the US Fresh controller ran the human resources department and each department manager engaged in the hiring, firing, and management of employees.

153.    While he did not directly manage employees, upon information and belief, D. Jaramillo believes that all minimum wages, overtime wages, and spread of hours payments were paid to employees throughout the time he was President, including during the period of time relevant to the Complaint, from February 17, 2019 through October 2019, when D. Jaramillo left US Fresh.

154.    Throughout the time that D. Jaramillo was President of US Fresh, Gonzalo Jaramillo, his father, promised him 50% of the value and/or proceeds of sale of US Fresh.

155.    Relying on Gonzalo Jaramillo's representation that D. Jaramillo would be entitled to 50% of the value and/or proceeds of sale of US Fresh, in 2019, D. Jaramillo sought out buyers for US

23

Fresh.

156.    Despite Gonzalo Jaramillo's promise to D. Jaramillo, Gonzalo Jaramillo refused to confirm D. Jaramillo would receive 50% of the value and/or proceeds of sale of US Fresh.

157.    Rather than selling US Fresh, Gonzalo Jaramillo insisted on running US Fresh himself.

158.    D. Jaramillo not only left US Fresh in October 2019, but he also left New York and spent his time in Medellin, Columbia and Tampa, Florida through June 2022. He left his work cell phone when he left the business and had no role in or access to documents or information about the operations of US Fresh.

159.    At the same time that D. Jaramillo left, Bermudez, who worked at US Fresh from August 2018 to October 2019, in a role purchasing and importing herbs for US Fresh (and who had no decision-making power over wages, company structure, or human resources issues), also left US Fresh. Bermudez is D. Jaramillo's wife. Like D. Jaramillo, she lived in Medellin, Columbia and Tampa, Florida from October 2019 through June 2022.

160.    Upon information and belief, following D. Jaramillo's departure from US Fresh, the business did not do well, a challenge intensified by the Covid-19 pandemic.

161.    Upon information and belief, in the years that followed, US Fresh became a defunct, non-operational entity which had lost its customers, owed money to its vendors and landlord, ceased operations, and had substantial debts.

162.    In June 2022, D. Jaramillo travelled to New York to meet with investors who were completely independent of US Fresh to create a new business wholesaling not only herbs, but also plantains and other tropical produce for sale to wholesalers who sold to restaurants.

163.    Given his familiarity with the wholesaling of herbs, D. Jaramillo decided to pursue this opportunity. Using a corporate entity in existence since November 9, 2004, J&E Importaciones Exportaciones Inc., a Certificate of Amendment was filed by the new owners to change the entity's

name to Produce Experience Inc.

164. D. Jaramillo relocated to New York and, based on his strong business reputation, was able to lease the 601 Drake Street, Bronx, New York location previously leased by US Fresh. The location is ideally located next to the Hunts Point Produce Market.

165. Upon information and belief, US Fresh surrendered the lease for 601 Drake Street prior to D. Jaramillo's efforts working with new owners to establish Produce Experience, an entity that would be smaller than US Fresh and initially had just 5-7 employees. Because the landlord, based on their prior dealings from 2009 through 2019, thought highly of D. Jaramillo, he leased the 601 Drake Street location to him with six (6) months of free rent. In so doing, upon information and belief, the landlord turned down other higher offers.

166. In addition, D. Jaramillo, needed to build the Produce Experience business from nothing. To do so, one-by-one, he revived prior relationships with vendors and customers from when he was President of US Fresh.

167. Likewise, given D. Jaramillo's knowledge of this type of business, he made inquiries with recent, experienced US Fresh employees to see if they would be interested in coming to the new, smaller Produce Experience entity. Through these contacts, Produce Experience hired recent US Fresh employees, including Limon and Ramirez.

168. US Fresh and Produce Experience are completely different entities with different ownership and a separate corporate structure.

169. When Produce Experience took occupancy of the 601 Drake Street location, any abandoned US Fresh property was removed or destroyed.

170. To this day, D. Jaramillo has an estranged relationship with Gonzalo Jaramillo due to the latter reneging on his promise to give D. Jaramillo 50% of the value and/or proceeds of US Fresh.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

171.    The Produce Experience Defendants did not begin operating Produce Experience until July 2022, and they have no knowledge relevant to or access to US Fresh documents, including documents relevant to any allegations of the Complaint prior to July 2022.

172.    The Produce Experience Defendants are not liable for any potential damages prior to July 2022.

173.    Accordingly, to the extent not already alleged above, the Produce Experience Defendants deny knowledge or information sufficient to form a belief as to the truth of any allegations of the Complaint prior to July 2022 or as alleged against US Fresh and/or Gonzalo Jaramillo

**RESERVATION OF DEFENSES**

174.    The Produce Experience Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available.  Accordingly, the Produce Experience Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent as facts become known through discovery. Accordingly, the Produce Experience Defendants reserve the right to supplement the foregoing and to raise additional affirmative defenses in the event discovery or further proceedings indicate that such defenses would be appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Produce Experience Defendants request judgment:

(i)      dismissing the Complaint in its entirety against them with prejudice;

(ii)     denying FLSA collective action treatment; and

(iii)    providing such further costs, disbursements, attorneys' fees and such other and further

relief as the Court deems just and proper.


Dated:  New York, New York
        April 2, 2025

**GRANOVSKY & SUNDARESH, PLLC**

By: s/ Denise Rubin Glatter
Denise Rubin Glatter
Granovsky & Sundaresh, PLLC
48 Wall Street, 11th Floor
New York, New York 10005
Tel: 646-524-6001
dglatter@g-s-law.com

Attorneys for Defendants
  **PRODUCE EXPERIENCE, INC., DAVID
JARAMILLO, and JUANITA BERMUDEZ**